IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BANK OF AMERICA, N.A., et al.  )
                               )
  v.                           )   NO. 3:15-0184
                               )
DAWN F. MYERS, et al.          )

TO: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered October 20, 2015 (Docket Entry No. 49), the pending motion to dismiss (Docket Entry No. 45) filed by Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and U.S. Bank, N.A., was referred to the Magistrate Judge for a Report and Recommendation. For the reasons set out below, the Court recommends that the motion to dismiss be granted and this action be dismissed.

## I. BACKGROUND

Dawn Myers ("Myers") executed a promissory note ("the Note") with a lender, Acopia, LLC ("Acopia") in May 2010, in order to purchase property located at 3200 Kinross Avenue, Nashville, Tennessee ("the Property"). As security for the Note, Myers executed a deed of trust ("Deed of Trust") granting a lien against the Property. The Deed of Trust, which was recorded in Davidson County, provides that Acopia is the lender and that mortgage Electronic Registration Systems Inc. ("MERS") is the beneficiary under the Deed of Trust and is "acting solely as a nominee for Lender and Lender's successors and assigns." Both the Note and Deed of Trust were subsequently endorsed or assigned to Bank of America, N.A. ("BANA"). After Myers failed to fulfill her mortgage payment obligations, BANA foreclosed on the property on September 16, 2014.

Proceedings in state court were then brought against Myers regarding possession of the Property, and Myers, with the assistance of counsel, filed a counter-complaint in the Circuit Court for Davidson County, Tennessee, against Acopia, MERS, BANA, U.S. Bank, N.A. as trustee for Ginnie Mae Guaranteed Remic Pass-Through Securities and MX Securities, Ginnie Mae Remic Trust 2010-088 ("US Bank"), and Vendor Resource Management, as the duly authorized agent for the Secretary of Veterans Affairs ("VRM"). Myers' counter-complaint asserted a federal claim for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, and state law claims for lack of standing to foreclose, fraud in the concealment of loan, fraud in the inducement of loan, quiet title, slander of title, and promissory estoppel. As relief, Myers sought damages, restitution, injunctive relief and declaratory relief. *See* Docket Entry No. 1-1.

On February 26, 2015, BANA, MERS, and US Bank removed the action to this Court. *See* Docket Entry No. 1. Removal was not contested. Myers, whose counsel withdrew while the matter was in state court, has not retained replacement counsel and has proceeded *pro se* in this Court.

As a result of pretrial proceedings, agreed orders and a stipulation of dismissal with prejudice were entered for Acopia and VRM, s*ee* Docket Entry Nos. 33 and 36, and, in light of the quitclaim of VRM's interest in the property to BANA, BANA was substituted as the sole Plaintiff in the action. *See* Docket Entry No. 36.

A case management conference was held on August 28, 2015, at which counsel for BANA and Myers appeared. Based upon BANA's advisement that it was unable to rescind the foreclosure and approve a loan modification, a follow-up case management conference was set for October 1, 2015 ("October 1, 2015 conference"), to allow Myers time to retain and consult with counsel. The date for the follow-up conference was agreed on in open court and was selected specifically to accommodate Myers' schedule. *See* Order entered August 31, 2015 (Docket Entry No. 41). However, Myers failed to appear at the October 1, 2015 conference. BANA, MERS, and US Bank subsequently filed the pending motion to dismiss. Myers was twice advised by the Court that she had a deadline of November 6, 2015, to file a response to the motion and was specifically advised that her

failure to respond would result in the motion being deemed unopposed and may result in the dismissal of the action. *See* Orders entered October 16, 2015 (Docket Entry No. 47), and October 19, 2015 (Docket Entry No. 48). To date, Myers has not responded to the motion to dismiss or otherwise responded in any manner to the Court's orders. Her last involvement in the action was her appearance before the Court on August 28, 2015.

## II. ANALYSIS

This action should be dismissed for two significant reasons. First, Myers has not opposed the motion to dismiss. Failure to file a timely response to a motion indicates that there is no opposition to the motion. Local Rule 7.01(b). Furthermore, review of the motion to dismiss indicates that BANA, MERS, and US Bank have set forth persuasive and meritorious arguments that warrant dismissal of the claims brought against them. Myers has not rebutted these arguments, and the types of claims made by Myers have been routinely rejected by other courts. *See Thompson v. Bank of Am., N.A.*, 773 F.3d 741 (6th Cir. 2014), *reh'g denied* (Dec. 24, 2014); *Kebede v. Suntrust Mortgage, Inc.*, 612 Fed.App'x 839, 841 (6th Cir. Sept. 2, 2015); *Dauenhauer v. Bank of New York Mellon*, 562 Fed.App'x 473, 479 (6th Cir. 2014); *Marshall v. Mortgage Electronic Registrations Sys.*, 2010 WL 3790248, *4 (E.D. Mich. Sept. 22, 2010). Even when the Court accepts Myers' well pleaded allegations as true and resolves all doubts in her favor as the non-moving party, Myers has not shown that she is entitled to relief based upon her allegations. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). In the absence of a response from Myers as to why her claims should not be dismissed, it is not the duty of the court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

Second, Myers' failure to respond to the motion to dismiss and her failure to appear at the October 1, 2015 conference indicates that she has lost interest in actively litigating and pursuing this action. Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a clear showing of failure to prosecute. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (*per curiam*); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Myers' conduct meets this showing. Although the Court acknowledges the difficult situation faced by Myers in proceeding *pro se*, neither the Court nor the other parties to this action should be required to expend further resources litigating an action that Myers has forsaken.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 45) filed by Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and U.S. Bank, N.A., be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge